```
X  FILED        ___ LODGED
___ RECEIVED    ___ COPY

      FEB 1 1 2004

   CLERK U S DISTRICT COURT
     DISTRICT OF ARIZONA
   BY_____ DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William M. Winkler; Brent A. Winkler; Paul E. Berry; and Nicola J. Berry, husband and wife; on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>DTE, Inc., an Arizona Corporation, d.b.a. Neon Motors; Donn W. Mueller and Tricia Mueller, husband and wife; and WFS Financial, Inc., a California corporation,<br><br>Defendant(s). | NO. CV 00-0276 PHX SRB<br><br>**ORDER APPROVING CLASS ACTION SETTLEMENT OF CLAIMS AGAINST WFS FINANCIAL INC; FINAL JUDGMENT AND ORDER OF DISMISSAL** |

This matter having come before the Court for hearing on Plaintiffs' Motion for Preliminarily Approval of Partial Class Action Settlement, filed pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Approval Motion,"), containing the signed Settlement Agreement and other Exhibits thereto, Defendant WFS Financial Inc's ("WFS") joinder in the Approval Motion, and Plaintiffs' Motion to Decertify Class Action Against Remaining Defendants ("Decertification Motion") and the Exhibits attached thereto, and due and adequate notices having been given to the class members as defined in the previous Order of this Court, and the Court having considered all papers

1



filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, the Court hereby finds and determines as follows:

1. This Order Approving Class Action Settlement of Claims Against WFS Financial Inc; Final Judgment and Order of Dismissal ("Final Approval Order") hereby incorporates by reference the definitions in the Settlement Agreement (attached as Exhibit "A" to the Approval Motion), and terms used herein shall have the same meanings as set forth in the Stipulation.

2. By Order dated October 6, 2004 (the "Preliminary Approval Order"), this Court preliminarily approved the Settlement Agreement and directed that the proposed notices (attached as Exhibits "F," "H" and "N" to the Approval Motion) be mailed to class members. All class members have, accordingly, been notified of the Court's hearing held on February 9, 2004, and have been afforded an opportunity to be heard with respect to the final approval of the matters set forth in the Settlement Agreement and the proposed decertification regarding the remaining claims.

3. The Court has received no objections to the amount and conditions of the Settlement Agreement.

4. The Court has received no objections to the proposed decertification and dismissal of the claims pending against Defendant Neon Motors and Defendants Donn Mueller and Tricia Mueller, and finds that entry of a classwide judgment would likely cause these Defendants to file bankruptcy. Given the risks and prospect of these outcomes, maintaining this action as a class action regarding the remaining class claims is an ineffective method for adjudicating the remaining controversy.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction over the subject matter of this litigation, and over all parties to the Settlement Agreement and all members of the classes previously certified.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and applicable federal and state law, this Court hereby approves the settlement between WFS and the Settlement Subclass members as set forth in the Settlement Agreement and finds that said Settlement Agreement is, in all respects, fair, reasonable and adequate.

3. The notices given to the classes as set forth in the Approval Motion, and the other matters set forth therein, was the best notice practicable under the circumstances. The notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice and the notice fully satisfied the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

4. Upon entry of judgment pursuant to this Final Approval Order, the Class Representatives and WFS shall forever mutually release, forgive and discharge each other from any and all claims, demands, causes of action, damages or liabilities, whether or not now known, suspected or claimed, which relate to the issues raised by the Action, or which otherwise have arisen or could arise out of the facts, circumstances, allegations or incidents which were raised or could have been raised in the Action.  The Parties shall not commence, assist, prosecute, cause or permit any action in law or equity, any arbitration, or make any claim to any proceeds, or any other proceeding, based on any claims, demands, damages, obligations or liabilities, whether or not now known, suspected or claimed, which have arisen or could arise from the facts, allegations, circumstances or incidents described or referred to in the Action.

5. Upon entry of this judgment pursuant to this Final Approval Order, the members of the Settlement Subclasses who have not timely excluded themselves shall be deemed to have covenanted and agreed that upon WFS' compliance with the terms of this Agreement that the members of the Settlement Subclasses shall have forever released, forgiven and discharged WFS, and shall be barred from instituting, maintaining or prosecuting against WFS, any claim, demand, action, cause of action or liability of any

nature, whether or not now known, suspected or claimed, which the members of the Settlement Subclasses ever had, including those that have been or could have been asserted in the Action, and which are related to the alleged rollback of odometer readings on their vehicles purchased from Neon Motors, the alleged overcharging by Neon Motors of "Payments to Public Officials for Official Fees", the assignment of their retail installment purchase contracts for such vehicles to WFS, or which are based upon any violation of state or federal statutory or common law, including, but not limited to, claims arising under (a) the Federal Motor Vehicle Information and Costs Savings Act, 49 U.S.C. §§ 32701 *et seq.*, (b) A.R.S. § 44-1223; and (c) A.R.S. §§ 44-1521 *et seq.*, but all of such released, forgiven or discharged claims only relate to or arise from the claims or allegations made in the Action.

6. In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void and shall be vacated with respect to WFS and the members of the Settlement Subclasses, and all orders entered and releases delivered in connection herewith shall be null and void.

7. Pursuant to the Settlement Agreement, the claims of the individuals listed in Exhibit M (list of "repurchased," "settled" or "unwound" transactions) to the Approval Motion against WFS are dismissed, without prejudice.

8. Pursuant to Rules 23 and 41 of the Federal Rules of Civil Procedure and applicable federal and state law, this Court hereby decertifies and dismisses, without prejudice, claims by all class members, including class representatives, against DTE, Inc., an Arizona Corporation, d.b.a. Neon Motors, and Donn W. Mueller and Tricia Mueller, husband and wife, on the basis that maintaining this action as a class action is not superior to other available methods for the fair and efficient adjudication of the remaining controversies. The remaining claims are therefore dismissed without prejudice. Class

Counsel is directed to mail a copy of this Order to all class members whose claims are dismissed.

9. Named Plaintiffs and Class Counsel are awarded $150,000.00 for attorneys' fees, costs and expenses incurred in the entire Action as to claims against WFS, including any and attorneys fees, costs and expenses incurred after execution of the Settlement Agreement. This award of attorneys' fees, costs and expenses will be paid by WFS to Class Counsel at the time set forth in the Settlement Agreement, and shall be in addition to any recovery by Plaintiffs and the Settlement Subclass members.

10. Neither this Final Approval Order nor the Settlement Agreement are an admission or concession by WFS of any fault, omission, liability or wrongdoing. This Final Approval Order is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by WFS. The final approval of the Settlement Agreement does not constitute any opinion, position or determination by this Court, one way or another, as to the merits of the claims and defenses of the named Plaintiffs, the Settlement Subclass members, the certified class members or WFS.

12. There being no just reason for delay, the Court directs entry of this judgment as a final judgment pursuant to Rule 54(b) F.R.C.P.

DONE IN OPEN COURT this _____10_____ day of February, 2004.

*[signature]*
Honorable Susan R Bolton
United States District Court